UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

FABRICIANA DE SORIANO,

   Plaintiff,

v.                                          Case No.   1:24-CV-03573-CJN

NOAH BOPP and SHIZUHA HATORI,

   Defendants.

## MOTION TO REMOVE DEFENDANT COUNSEL AND TO DENY LENGTH OF EXTENSION OF TIME TO RESPOND

In accordance with the Local Rules of this Court, Plaintiff Fabriciana De Soriano respectfully moves to request that the court (1) remove Defendant Noah Bopp's Counsel of Notice, James Warren, due to a conflict of interest, and (2) deny the length of the Defendant's Motion to Extend the Deadline to Answer. In support of this motion, Plaintiff states the following:

To begin, Plaintiff asserts in an act of Good Faith that this suit not only pertains to discrimination in the workplace, but also that it involves attempts made directly by Noah Bopp to silence adult victim(s) and minor witness(es) while they were on the premises of the School for Ethics and Global Leadership (SEGL) who had direct experience and/or direct evidence of sexual assaults affiliate their the exchange school Phillips Exeter Academy. These attempts to intimate a witness by "making an example" of Plaintiff with direct threats in an attempt to



RECEIVED
JUN 27 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

silence her, caused her to lose her undergraduate scholarship and eligibility for graduate scholarship with the Jack Kent Cooke (Scholar) Foundation, a relationship built since the Plaintiff was 14 years of age. The JKCF asserted Exeter had blacklisted Plaintiff at Ivy League institutions for reporting knowledge of sexual abuse to the authorities. JKCF went so far as to avoid exchanging students with Exeter due to concerns of said sexual assaults, given direct knowledge of sexual assaults.

Plaintiff has observed a pattern of affiliate schools fabricating and raising petty, exaggerated and unfounded complaints about students to law enforcement in the midst of sexual assault investigations in order to create confusion and keep sexual assaults from being discovered. This is consistent with Department of Justice and FBI child sex ring behavioral profiling.  Bopp's behavior matches this common behavior which threatens students from coming forward collectively. Instead students are intimidated, threatened with expulsion, and loss of scholarship if they speak out against sexual assaults on campus.

All statements made herein are in an act of Good Faith for the safety, health, and wellbeing of children, with respect for their need for a education free of sexual abuse, intimidation, and retaliation at the hands of fellow students and school faculty and administration.

Plaintiff has a previous educational affiliation with Mr. James Warren, counsel for Defendant Noah Bopp, when she was a minor student at the School for Ethics and Global Leadership (SEGL). Mr. James Warren, participated as a guest speaker/instructor.

Mr. Warren's prior involvement in an academic position of authority with the Plaintiff creates a personal and professional conflict under the D.C. Rules of Professional Conduct. Please see In re Gopman, 531 F.2d 262, 266 (5th Cir. 1976). Courts have inherent authority to remove

counsel to preserve integrity and fairness. See Koller v. Richardson–Merrell, Inc., 737 F.2d 1038, 1055 (D.C. Cir. 1984); Clarkson, 567 F.2d at 273 n.3.

Mr. Warren's prior role may compromise impartiality and raise reasonable concerns of bias or impropriety, meriting disqualification to protect the fairness of these proceedings. Additionally, his role as SEGL's General Counsel requires him to place student safety as a principal priority, something at odds with Noah Bopp's and his staff's failure to report knowledge of sexual assaults at Phillips Exeter Academy to appropriate Federal and State investigatory authorities.

Noah Bopp was previously represented by Emma Leheny at Potomac Law Group at the time Plaintiff filed the complaint on December 17, 2024. There may have been a change in counsel due to an ongoing criminal investigation. Further, it may be appropriate for the court to require a transparency statement of the Potomac Law Group of their full affiliation with the SEGL and Bopp (Investors, Donors, Parents, Board Positions, etc.).

Separately on June 23, 2025, Defendants filed a motion seeking to extend their deadline to respond to the Complaint until August 3, 2025.

Plaintiff wishes to call to the attention of the court that any delays in justice increase the risk to children who are vulnerable to of sexual assault. Failure of Noah Bopp and his staff to file legally mandated reports of knowledge of neglect or abuse have already served to protect sexual assailants rather than protect victims and witnesses.

As such Plaintiff opposes this request. Potomac Law Group was notified electronically of the suit on December 17, 2024 and has had adequate time to prepare a response.

Plaintiff wishes to alert the court of what may be attempts by the Defendant to mislead the court:

SEGL EIN: 68-0635707 2024 Tax Return List Noah Bopp as +40 hour per week employee of the school. And his role as "Head of School" lists him as a full time administrator. Yet the Defendant Motion for extension misleads the court that the "small school" has no full-time administrators.

As Head Administrator Bopp was poised since December to notify his staff to be alert to anticipation of and readiness to receive action from the court's Marshal. This could have included designating his counsel Emma Leheny at Potomac Law Group to receive legal service of process.

Service of process has been effectuated electronically in accordance with relevant procedures and guidance. The Marshal Office provided Bopp's home address.

**Plaintiff was contacted by former counsel Emma Leheny who appears to attempt to mislead the Plaintiff and court that school was closed during service and employees went on vacation, yet the opposite is the case. Robert Tyrel London was an employee in the building who received service. Defendants have 21 days to reply, not 60.**

As such, the request for an extension is not warranted. Defendant Bopp was provided with sufficient notice of procedure since original initial filing and opportunity to prepare a response with the Potomac Law Group, and Defendant has had access to the Complaint for a reasonable period of time. Further, the Defendant is requesting more than an additional 20 days beyond the original 20 days, which increases the risk of placing children in harm at his and the affiliate school Phillips Exeter Academy, and scholar organization Jack Kent Cooke Foundation.

Granting an extension would unduly delay proceedings and prejudice Plaintiff, who has complied with all due dates, despite a demanding college and work schedule.

Defendant's failure to respond within the permitted time frame was entirely avoidable. Substituting counsel only days before a filing deadline, particularly with an individual whose conflict of interest was foreseeable, does not constitute "good cause" under Fed. R. Civ. P. 6(b)(1). See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 896 n.5 (1990); Smith v. District of Columbia, 430 F.3d 450, 457 (D.C. Cir. 2005). Plaintiff should not be prejudiced by the consequences of Defendant's own litigation strategy.

Courts consistently hold that avoidable delay caused by a party's own strategy — including late substitution of conflicted counsel particularly, one within the same firm (Potomac Law Group) — does not meet the threshold for "good cause" under Rule 6(b). See Watts v. SEC, 482 F.3d 501, 508 (D.C. Cir. 2007); Gonzalez v. Ingersoll Milling Machine Co., 133 F.3d 1025, 1030 (7th Cir. 1998).

For the foregoing reasons, Plaintiff respectfully requests that the Court:

**(a) Remove James Warren from further representing Defendant Noah Bopp in this matter; and**

**(b) Deny the length of the Defendant's Motion to Extend the Deadline to Answer.**

Dated: June 27, 2025                                    Respectfully,

                                                        /s/ *Fabriciana De Soriano*

                                                        Fabriciana De Soriano

## **CERTIFICATE OF SERVICE**

On June 27, 2025, I filed the foregoing document with the clerk of the court for the U.S. District Court for the District of Columbia. I hereby certify that I have served the document on all counsel and/or pro se parties of record.

                                                  /s/ Fabriciana De Soriano
                                                  Fabriciana De Soriano